**DOUGLAS CORPORATION, an Illinois corporation, Plaintiff,**

v.

**TJX COMPANIES, INC., a Delaware corporation, Defendant.**

**No. 90 C 4492.**

United States District Court,
N.D. Illinois, E.D.

Nov. 20, 1990.

William Edward Snyder, Michael, Best & Friedrich, Chicago, Ill., for plaintiff.

James I. Rubin, Bruce William Melton, Butler, Rubin, Newcomer, Saltarelli, Boyd & Krasnow, Chicago, Ill., for defendant.

## ORDER FOR AUTOMATIC STAY AND REFERRAL TO BANKRUPTCY COURT

PARSONS, District Judge.

This action concerns a lease between the tenant, Zayre of Illinois, Inc. ("Zayre") and its lessor, Douglas Corporation. The defendant, The TJX Companies ("TJX") guaranteed Zayre's obligations under its lease with Douglas. The complaint alleges the breach of that guarantee agreement.

On September 15, 1988, Ames purchased substantially all of the assets of Zayre Stores Division of TJX, agreeing to indemnify TJX. TJX asserts that, pursuant to its purchase and indemnification agreement, Ames assumes any liability arising out of the lease. That guarantee, the defendant claims, brings this case within the scope of the business purchased by Ames.

On April 25, 1990, Ames commenced voluntary proceedings under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*). In the complaint filed in this case, Douglas alleges, among other things that it submitted to Ames a demand for monies due under the lease guaranteed by TJX. This, TJX states is a violation of the Bankruptcy Code's automatic stay (11 U.S.C. § 362), warranting this court to refer this case to the bankruptcy court. Thus, TJX requests that this court refer this action to the Bankruptcy Court for the Northern District of Illinois, and extend its time to respond to the complaint in this action during the automatic stay imposed by the United States Bankruptcy Code, 11 U.S.C. § 362(a) upon the filing of actions against TJX's indemnitor, Ames.

If Douglas is successful against TJX in this case, Ames would be bound by the outcome of this action and would be held liable under the lease. Because the outcome of the dispute between Douglas and TJX would have an effect on Ames liability, and therefore the "amount of property available for distribution or the allocation of property among creditors," I find that a resolution of this dispute is "related to" the bankruptcy case. *In re Xonics* 813 F.2d 127, 131 (7th Cir.1987). TJX's motion for

referral to the Bankruptcy Court should thus be granted.

The motion to extend time is entered and continued for hearing and resolution in the bankruptcy court.

IT IS SO ORDERED.